# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| CARLTON J. WALKER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:16-cv-171 |
| v. | |
| JUDGE KATHY PALMER; JOHN A. FITZNER; and JONATHAN LOCKWOOD, | |
| Defendants. | |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is presently confined at Hays State Prison in Trion, Georgia, submitted a Complaint pursuant to 42 U.S.C. § 1983, contesting certain alleged actions occurring in Emanuel County, Georgia. (Doc. 1.) In conjunction with his Complaint, Plaintiff filed an Affidavit and Authorization for Withdrawal from Inmate Account, which the Court construes as a Motion for Leave to Proceed *in Forma Pauperis*. (Doc. 2.) For the reasons set forth below, the Court **DENIES** Plaintiff's Motion to Proceed *in Forma Pauperis*. Additionally, I **RECOMMEND** that the Court **DISMISS** this action for failure to state a claim and **DIRECT** the Clerk of Court to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

# BACKGROUND[1]

Plaintiff originally filed this action on December 8, 2016, in the Northern District of Georgia. (Doc. 1.) Plaintiff's case was transferred to this Court on December 15, 2016, (doc. 3), and the Clerk of Court notified Plaintiff that his case had been transferred on December 16, 2016, (doc. 5).

In his Complaint, Plaintiff alleges that his guilty plea in the Emanuel County, Georgia, Superior Court was involuntary, and therefore, a violation of his constitutional right to due process. (Doc. 1, p. 3.) Specifically, Plaintiff maintains that Defendants Judge Palmer, Assistant District Attorney Fitzner, and Public Defender Lockwood pressured him to enter a guilty plea and that his plea was furthermore involuntary because he was taking mental health medication and blood pressure medication prior to the entry of his plea. (Id. at pp. 3–4.) Plaintiff also alleges that Defendant Lockwood rendered ineffective assistance of counsel because he failed to submit Plaintiff's mental health records to the court before Plaintiff entered his guilty plea. (Id. at p. 4.) Plaintiff then avers that Judge Palmer improperly determined that Plaintiff's sentences should run "consecutively," as opposed to "concurrently," by illegally changing the terms of his plea agreement. (Id.) Finally, Plaintiff argues that, as a result of Judge Palmer's improper alteration of his sentence, he is being held illegally past his purported maximum release date of December 11, 2014. (Id.)

# STANDARD OF REVIEW

Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all

---

[1] The below recited facts are taken from Plaintiff's Complaint and are accepted as true, as they must be at this stage.

of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert

"more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Plaintiff's Complaint is Barred by *Res Judicata*

Plaintiff's Complaint in this case is due to be dismissed because it is barred by *res judicata*, (often called claim preclusion), principles. "*Res judicata* will bar a later action if the following requirements are met: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." Harmon v. Webster, 263 F.

App'x 844, 845 (11th Cir. 2008) (citing Jang v. United Tech. Corp., 206 F.3d 1147, 1149 (11th Cir. 2000)).

Plaintiff filed a prior cause of action pursuant to Section 1983 in this Court on January 28, 2015, Walker v. Palmer, et al., Case Number 6:15-cv-9. In his Complaint, Plaintiff contended that his guilty plea and resulting conviction in the Emanuel County, Georgia, Superior Court was a violation of his constitutional right to due process due to Defendants' conspiracy to force his guilty plea by deceit, as well as his attorney's ineffective assistance of counsel. Compl., Walker v. Palmer, et al., No. 6:15-cv-9 (S.D. Ga. Jan. 28, 2015), ECF No. 1. Plaintiff claimed that, prior to his guilty plea, Judge Kathy Palmer, John A. Fitzner, and Jonathan Lockwood conspired to pressure him into pleading guilty to charges of armed robbery. Id. Plaintiff also contended that Judge Palmer improperly determined that his sentences should run "consecutively," as opposed to "concurrently," by illegally changing the terms of his plea agreement. Id. Plaintiff further alleged that Defendant Lockwood rendered ineffective assistance of counsel because he failed to submit Plaintiff's mental health records to the court before Plaintiff entered his guilty plea. Id.

After setting forth the applicable law for Plaintiff's due process claims against Defendants Judge Palmer, Fitzner, and Lockwood, I recommended that the Court dismiss Plaintiff's Complaint based upon Heck v. Humphrey, 512 U.S. 477 (1994), Rooker v. Fidelity Trust Company, 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). I further recommended dismissal based upon Eleventh Amendment immunity, judicial immunity, prosecutorial immunity, as well as statute of limitations grounds. R & R, Walker v. Palmer, et al., No. 6:15-cv-9 (S.D. Ga. Jan. 28, 2015), ECF No. 15. The Court adopted the Report and Recommendation and dismissed Plaintiff's Complaint for failure to state

5

a claim. Order, Walker v. Palmer, et al., No. 6:15-cv-9 (S.D. Ga. Jan. 28, 2015), ECF No. 19. The Court entered Judgment closing the case on February 2, 2016. J., Walker v. Palmer, et al., No. 6:15-cv-9 (S.D. Ga. Jan. 28, 2015), ECF No. 20.

This Court, a court of competent jurisdiction, dismissed Case Number 6:15-cv-9 because Plaintiff failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). That dismissal was a final judgment on the merits. Harmon, 263 F. App'x at 845; see also NAACP v. Hunt, 891 F.2d 1555, 1560 (11th Cir. 1990) ("[U]nless the court specifies otherwise, dismissal on the grounds that the facts and law show no right to relief operates as an adjudication on the merits."); Bierman v. Tampa Elec. Co., 604 F.2d 929, 930–31 (5th Cir. 1979) (where district court dismissed action *sua sponte* for failure to prosecute and did not specify whether dismissal was with or without prejudice, dismissal acted as adjudication on merits, such that *res judicata* barred subsequent action presenting same claim); Hall v. Tower Land & Investment Co., 512 F.2d 481, 483 (5th Cir. 1975) (where district judge dismissed first action for failure to state a claim on which relief can be granted but did not indicate whether dismissal order was "with prejudice" or "without prejudice," that order "operates as an adjudication on the merits" for *res judicata* purposes). Furthermore, both the Plaintiff and the named Defendants in this case are the same parties as those named in Case Number 6:15-cv-9. Finally, the two causes of action are the same, as the allegations contained in Plaintiff's Complaint in this case are virtually identical to the allegations he made in his complaint in Case Number 6:15-cv-9. As all of the requirements for *res judicata* have been met, Plaintiff's claim is barred, and the Court should, therefore, **DISMISS** his Complaint.

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[2] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** him *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion to Proceed *in Forma Pauperis*. (Doc. 2.) Additionally, I **RECOMMEND** that the Court **DISMISS** this action

---

[2] A certificate of appealability is not required in this non-habeas action.

for failure to state a claim and **DIRECT** the Clerk of Court to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 30th day of December, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA